**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| CRAIG ALAN VANNESS, | Case No. 3:25-CV-00075-CLB[1] |
|---|---|
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| 15CF67AD, | |
| Defendant. | |

On February 7, 2025, Plaintiff filed a civil rights complaint with the Court. (ECF No. 3-1.) However, Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP"). Thus, the Court ordered Plaintiff to either submit an IFP application or pay the full filing fee by Friday, March 7, 2025. (ECF No. 5.) The Court cautioned Plaintiff that his failure to timely comply with the order would subject his case to dismissal without prejudice. (Id.) To date, Plaintiff has failed to comply with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

---

[1] This action was assigned to the undersigned pursuant to First Amended General Order 2023-11, which is adopted under 28 U.S.C. § 636(c). (ECF No. 1.)

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that her failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing Plaintiff to submit an IFP application or pay the full filing fee, the order expressly stated that if Plaintiff failed to timely comply, the case would be subject to dismissal without prejudice. (ECF No. 5.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, **IT IS ORDERED** that this action be **DISMISSED** without prejudice; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**DATED**: March 10, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**

2